## NEW YORK COMMON PLEAS.

FREDERICK SCHUCHARDT and FREDERICK C. GEBHARD, respondents agt. THEODORE REMIERS, appellant.

Under section 121 of the Code, the *representatives* of a deceased *sole defendant*, in an action after judgment and pending an appeal thereon, have the right to have themselves made parties to the appeal.

*General Term, February,* 1865.
*Before* DALY, BRADY *and* CARDOZO, *Judges.*

APPEAL from an order denying the motion of the deceased defendant's representatives to be made parties to the appeal in this action.

PLATT, GERARD & BUCKLEY, *attorneys, and*
    THOMAS C. T. BUCKLEY, *counsel for plaintiffs.* .
    VAN PELT & HALL, *attorneys and counsel for defendant.*

By the court, DALY, J.    In *Keene* agt. *Lafarge* (1 *Bosw.* 671), the defendant died after issue was joined, and before judgment, and Chief Justice BOSWORTH held that in that case an application by the representatives of the deceased defendant to have the suit continued, could not be entertained.    He was of the opinion that section 121 of the Code was designed to confer upon the representative of a deceased sole plaintiff only the right to continue the action or to abandon it, and not to enable the representative of a deceased sole defendant to compel the plaintiff to continue the action against his will, and he formed the opinion upon the absence of any provision in the Revised Statutes broad enough to cover such a case, and upon the construction that section 121 authorizes the representatives

Schuchardt agt. Remiers.

of a deceased party only to make such a motion within a year as may be allowed after a year upon a supplemental complaint. It may be that the construction was a correct one in the case which was presented to Chief Justice Bosworth, but it will not apply in the case which is now before us. In the present case the defendant died after he had obtained a judgment against the plaintiffs for costs, and after they had appealed from the judgment. If no appeal had been taken, his personal representatives could have compelled the payment of the judgment by bringing an action upon it, which in that case would have been the appropriate, if not the only remedy. (*Cameron* agt. *McKay*, 6 *How. R.* 373; *Thurston* agt. *King*, 1 *Abb. R.* 126.) But if at the time of the defendant's death the ordinary undertaking upon appeal was given to stay all proceedings upon the judgment until the hearing of the appeal, his representatives could not bring such an action, the proceedings upon the judgment being stayed.

It does not appear in this case whether such an undertaking was given or not, nor is it material, since it has been settled since the time of COKE that the proceedings for a review of the judgment upon error, do not abate by the death of the defendant, or any one of the defendants in error, but his death being suggested upon the roll, the writ of error proceeds. If he died before the assignment of error, his executors might have a *scire facias quare executionem non*, to compel the plaintiff to assign error, or if he died after, they might proceed as if the defendant were living until the judgment was affirmed. (*Jacques* agt. *Cesar*, 2 *Sand. R.* 101; *Bromley* agt. *Littleton, Yelv. R.* 113; *Wickett* agt. *Cramer*, 1 *Salk. R.* 264; 1 *Ld. Ray. R.* 439; *Fowler* agt. *Bridges*, 1 *Show. R.* 183; *Bowes* agt. *Poulett, Sir F. Moore's R.* 701; *Wright* agt. *Freevolce, Barnes' Notes*, 432.) And such was the practice both before and after the passage of the Revised Statutes. (2 *Dunlap's Practice*, 1144; *Graham's Practice*, 965, 2d ed.) The parties upon

an appeal from a judgment occupy the same relative position that was occupied before the Code by the parties upon a writ of error. The defendant in this case was the defendant in the judgment and the defendant upon the appeal, holding the same position as the defendant in error under the former practice.

The Code has abolished the writ of *scire facias*, and has substituted in its place the more summary and less expensive proceeding for continuing an action provided for in section 121, and in other cases where the writ of *scire facias* was the only mode in which the personal representative of a deceased party could compel the payment of a judgment obtained by him in his lifetime, they have given a remedy by a civil action (§ 428.) The writ of *scire facias* would lie wherever there was a new person to be benefited or charged by the execution of the judgment, to make him a party to it (*Penoyer* agt. *Bunce*, 1 *Ld. Ray. R.* 246; 1 *Salk.* 319, 20 *S. C.*; *Johnson*, 17 *Johns. R.* 271; 1 *Tidd's Practice*, 114, 1188, 9*th Lond. ed.*), and that writ being now abolished, and the personal representatives of the deceased defendant, having an interest in the judgment which was recovered by him, and an interest in the appeal that was pending at the time of his death, they have the right to have themselves made parties to the appeal, that they may obtain an affirmance of the judgment; and the proper mode of doing it by analogy to the former practice, is by a motion to the court in the manner provided for by section 121.

The order denying them that right should, therefore, be reversed.