Black *v.* Hill et al.

---

## Mary Black *v.* Hugh A. Hill et al.

1. The mode provided in title 13, chap. 1, of the code for the revivor of actions, is not exclusive, but the court has power, under section 39, in the exercise of a sound discretion, to allow the action to be prosecuted by or against the representatives or successor in interest of a deceased party. *Carter* v. *Jennings,* 24 Ohio St. 182.

Black *v.* Hill et al.

2. A proceeding in error is not properly an action within the meaning of the code. But the provisions of the code for reviving or continuing actions in favor of or against the successor in interest of a party, or the representatives of a deceased party, may be applied to proceedings in error.

3. Hence the court is authorized, under section 39, on the application of the representatives of a deceased party, to allow them to become parties, and the, proceedings in error to be carried on in their names, although more than a year may have intervened from the death of the original party to the time of the application.

ERROR to the District Court of Logan county.

A motion is made by the defendants in error to dismiss this case, on the ground that more than a year elapsed after the death of the plaintiff in error before any steps were taken to revive the proceeding in error in the name of her representatives.

On the 26th of September, 1876, the death of the plaintiff in error was suggested by George Wilson and Mary Marion, her heirs-at-law, the original action being for the recovery of real property.

The court having found the suggestion to be true, on motion of said George and Mary, ordered the action to be revived, and to proceed in their names, unless sufficient cause was shown against the revivor.

Notice of the entry having been served on the defendants' counsel, they, on the 13th of November, 1876, filed the present motion to dismiss the case on the grounds above stated.

The plaintiff in error, Mary Black, died on the 5th day of March, 1875.

*W. H. West,* for the motion.
*McLaughlin & Dow,* contra.

BY THE COURT. The motion is founded on section 411 of the code of civil procedure, which provides that an order to revive an action in the names of the representa-

tives of a plaintiff shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made.

The chapter of the code in which this section is found relates to the revivor of *actions*.

In *Carter* v. *Jennings* (24 Ohio St. 182) it was held that the mode provided in this chapter for the revivor of actions was not exclusive, but that the court has power, under section 39 of the code, in the exercise of a sound discretion, to allow the action to be prosecuted by or against the representatives or successor in interest of a deceased party.

At common law, if the plaintiff in error died before errors assigned, the writ abated; but if he died after errors assigned, the writ did not abate. A writ of error in no case abated by the death of the defendant in error, whether it happened before or after errors assigned. 2 Tidd's Prac. 1163; *Spark* v. *Vangundy*, 3 Ohio, 307.

Under the code the assignments in error are made at the commencement of the proceedings. The proceedings are to be commenced by petition in error, which is required to set forth the errors complained of.

A proceeding in error is not properly an action within the meaning of the code; and there is no express provision for reviving or continuing such proceedings in favor of or against the successor in interest of a party, or the representatives of a deceased party.

But, in our opinion, the provisions of the code on the subject, in regard to original actions, may also be applied to proceedings in error. Hence the court is authorized, under section 39, to allow the representatives of a deceased party to become parties, and the proceedings in error to be carried on in their name.

The application under this section is addressed to the sound discretion of the court; but we find nothing in the nature or circumstances of the case requiring us to refuse leave to the representatives of the original plaintiff in error to become parties, and to continue the present proceeding, instead of being required to commence anew.

Our attention has been called to an act passed April 6, 1876 (73 Ohio L. 110).

It is only necessary to say we do not regard the present case as affected by that act.

In so far as the act relates to the revivor of proceedings in error, it gives the right to any party to the action, whose interest may be prejudiced by reason of the death of any party, within six months from the passage of the act, to cause the proceeding to be revived against the heirs and personal representatives of the deceased party.

The application, in the present case, is made by the heirs of the deceased party, to be allowed to become parties to the proceeding, and to prosecute it to final judgment.

*Motion overruled.*