"White, J.
The main questions now before the court are: 1. Whether the proceedings in error can be revived against the legal representatives of the defendant in error, by conditional order—the mode adopted by the plaintiffs in error : and, 2. If this question is answered in the affirmative, whether the revivor can be had in this court, or must the case be remanded to the district court for the purpose.
The first question is answered in the affirmative by Black v. Hill (29 Ohio St. 86), and Pavey v. Pavey, (30 Ohio St. 600). In these cases the court applied the power given by section 39 of the code in original actions, by analogy, to proceedings in error: and although the section has been modified by the Revised Statutes, the modification need not here be noticed, as the present proceeding in error was pending at the time of the revision and is therefore not affected by it.
At common law a writ of error in no case abated by the death of the defendant in error. If the death occurred after joinder in error the case proceeded to judgment the same as if the defendant were living, and his representatives were made parties to the judgment by scire facias / if the death happened before joinder in error, his representatives could be required to join in error by like proceeding. 2 Tidd's Prac. 1163; Spark v. Vangundy, 3 Ohio, 307; Delaplaine v. Bergen, 7 Hill, 591; Schuchardt v. Remiers, 28 How. Pr. 514; Walpole v. Smith, 4 Blackf. 115.
In Green v. Watkins (6 Wheat. 263) it is said by the court, “ There is no doubt' that the heir or privy in estate, who is injured by an erroneous judgment, may prosecute a writ of error to reverse it. And there seems no good reason why, in the case of the death of his ancestor, pending proceedings, lie may not be admitted to become a party, or be cited to become a party, to pursue or defend the writ, in the same manner as in personal actions. The death of neither party produces any change in the condition of the cause, or in the rights of the parties. It *146 would seem reasonable, therefore, that the suit should proceed, and not be dismissed or abated.” The supreme court of the United States adopted a rule to govern the practice in such cases, which is found in the volume last cited.
Analogous principles governed in courts of equity where a party died pending a cause under review on error, in the court of appeal. Rogers v. Patterson, 4 Paige, 409, 413.
The writ of scire faeias has not been abolished in this state ; and, doubtless, may still be resorted to when necessary for the purposes of justice. But the conditional order provided for in the code for the revivor of actions, contains the substance of a writ of scire facias for such purpose, and is a more convenient remedy, and, as was held in Black v. Hill, and Pavey v. Pavey, supra, may be resorted to for the revivor of proceedings in eiTor against the representatives of a deceased party.
We see no l-eason for remanding the case to the district court. This court has the same control over the case and the issuing of process as the district court would have had if the case had not been reserved. The order of reservation was not void; but operated to transfer the case to this court as it stood in the district court. Grant v. Ludlow’s Admr., 8 Ohio St. 31. And as the district court could have revived the proceeding in error against the representatives of the deceased defendant, the same may be done in this court.
The remaining question is, whether the facts alleged with reference to the payment of the purchase-money, taxes and assessments, constitute cause against the revivor. Whatever effect these facts may have upon the prosecution of the original action, they can have no bearing upon the question of revivor. The case in-error must be decided upon the record, and the representatives of the deceased stand in the shoes of their ancestor. On the proceeding to revive, the merits of the action are not the subject of inquiry.
The order of revivor is made absolute, and judgment will be entered as heretofore announced.