Bbadbtjry, J.
The only question presented to this court by the record in this cause, is whether the defendants in error had a right to carry to the court of common pleas by an appeal, the proceedings begun by them in the probate court. That right depends upon (1) whether that proceeding is to be construed as an offer to repropound the will of John Feuchter, and (2) were they bound by the order of April 30, 1885, of the probate court, refusing to admit it to probate. The plaintiff in error, without denying the general right of every person interested in the probate of a will, to appeal from an order refusing to admit it to probate, contends that the proceeding begun by the defendants in error was n.ot properly an offer to repropound the will, but was, when correctly construed, a proceeding to set aside the former order of the probate court, and that the order of the probate court dismissing the petition, was one refusing to set aside that former order, and not one refusing to admit the will to probate, and, therefore, did not fall within section 5934, Revised Statutes, which authorizes an appeal from an order of a probate court refusing to probate a will. Plaintiff in error further claims, that the order of the probate court, made April 30, 1885, refusing to probate the will, not having been appealed from, is binding on all parties claiming under the instrument, and precludes them from again presenting it for probate. If the plaintiff’s contention, in either respect, is correct, he should prevail. We will consider first the character of the order of the probate court, made April 30,1885, refusing to admit the will to probate, and the circumstances under which it was made.
The first step taken that led to the making of that order was a notice by a postal card, mailed Thursday, April 23, 1885, to the person named in the will as executor, that it would be offered for probate on the following Saturday (April 25). He appeared at the hour named, and after hearing the will read, left the court before any testimony was taken, and has not since appeared, accepted the trust, or taken any apparent interest in the matter. No attempt was made to give any other notice, and, in fact, the defendants *366 in error, though the only beneficial devisees under the will, had no knowledge that it was to be offered for probate, or of its rejection, until the time prescribed by statute, within which an appeal could be taken, had elapsed.
It is a fundamental principle of all rational systems of jurisprudence that one having no notice, either actual or constructive, of a judicial proceeding, should not be concluded by it. The principle is forcibly stated by Justice Field in Windsor v. McVeigh, 93 U. S. 274. “Wherever one is assailed in his person or property, there he may defend, for the liability and the right are inseparable. This is a principle of natural justice, recognized as such by the common intelligence and conscience of all nations. A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal,” Id. 277. It is said that notice to the individual, who had been named in the will as the executor thereof, was by relation notice to all the devisees therein. It is no doubt true that an executor, after he has accepted the trust and entered upon its execution, is in many respects the representative not only of the estate, but of all persons interested therein. This principle, however, cannot reasonably be extended to a case, like the one before us, where the person named as executor repudiates the trust, and never in the slightest degree enters upon its execution. He is in all essential respects a stranger to the parties, and not their representative.
The rights of the defendants in error, however, do not depend solely upon this universal principle. By the law of Ohio, as declared by this court at an early day, the refusal to propound a will is not conclusive of the right to propound it, but, instead, it may be offered again for probate at the pleasure of any one interested therein. In the Matter of Chapman’s Will, 6 Ohio 149; Hunter’s Will, Id. 502; Swazey v. Blackman, 8 Ohio, 5-19. In 6 Ohio, 149, Lane, J., says: “An application to prove a will, though rejected, may be made again, upon fuller proof. The rejection extin *367 guishes no right, and binds nobody, for there are no proper parties before the court to be concluded.” In Hunter’s Case, 6 Ohio, 502, Weight, J., uses the folio wipg language: “ The application to make probate of a will is not included in the definition either of an action or suit. It belongs neither to the common law nor equity jurisdiction conferred upon the court of common pleas, but appertains to the ecclesiastical jurisdiction of the English courts, which is specially conferred upon our courts of common pleas as courts of probate. The proceedings to make probate of a will are ex parte, not adversary. No process is required to notify any whose interests are to be affected. No one is necessarily before the court, other than the party applying to prove the will. No judgment is given. The order of probate is not conclusive upon the subject of it, for the statute law expressly provides a way in accordance with the common usages of chancery to contest and vacate the probate, if allowed. If rejected, another application may be made, and probate established on new and better proof.”
G-kimke, J., in 8 Ohio, 19, says: “ When a will of real property is offered for probate, in Ohio, a sentence of some kind is pronounced upon it; the proof is declared to be sufficient or insufficient; in the one case it is accepted, in the other rejected. If it is rejected, it may still be repropounded for probate.”
It is contended, however, on behalf of the plaintiff in error, that whatever the rule in this state may formerly have been respecting the right to repropound a will after it has been rejected, the right no longer exists; that the right of appeal provided by statute since the cases in 6 Ohio and 8 Ohio, supra, were decided, supersedes and renders unnecessary the right to repropound a will in the probate court after its rejection there. It is true that, at the time those cases were decided, there was no right of appeal from a refusal to admit a will to probate, and that subsequently such right was provided by statute, and is now embodied in the revision of 1878, section 5934, Revised Statutes: “In case of the refusal to admit a will to probate, any person ag *368 grieved thereby may appeal from such decision to the next term of the court of common pleas, by filing notice of his intention to appeal .within ten days.”
The policy of this state from an early period in its legal history has favored the probating of wills. The present statutes, as well as those that preceded them for fifty years, or more, regulating the practice on this subject, have not authorized one opposed to probating a will to support his contention by evidence; to secure this right he has constantly been driven to an independent action, and, since the adoption of the constitution of 1851, to a new tribunal, while the fullest hearing is and has been accorded to those seeking to propound the will. Before the organization of the probate court under the constitution of 1851, no appeal from an order rejecting a will was provided, for none was needed. The court of common pleas had jurisdiction of the subject, one of whose members, by a well established custom, was usually learned in the law, and if a will was offered for probate in the absence of such member, the right to repropound it when he was present gave reasonable assurance that the legal sufficiency of the evidence introduced for that purpose, would be determined by a competent tribunal.
When the probate courts were organized under the constitution of 1851, and jurisdiction of the probate of wills conferred upon them, this important question 'was left to the determination of a single judge, who neither by the statutes of the state, nor by any established custom was required to be a lawyer, and thus the gravest and most valuable interests might be finally determined by one wholly unlearned in the law, if no means were provided to review his action. At this juncture an appeal from a refusal to probate a will was first provided. It was a new remedy to enforce an existing right, and neither in the language selected by the legislature in giving the remedy, nor in the circumstances that attended its adoption, is there any indication of a purpose to make it exclusive. The new remedy is consistent with the continued existence of the old one. They are concurrent remedies to enforce the same right; and the rule is *369 that a new remedy provided by statute does not destroy or take away the old one if the two are compatible. Darling et al. v. Peck et al., 15 Ohio 65; Com’s v. Orr et al., 16 Ohio St. 522; Carter v. Jennings, 24 Ohio St. 182; Black v. Hill, 29 Ohio St. 86. In Darling et al. v. Peck et al., 15 Ohio, 71, the court say: “ Where a statute gives a new remedy without impairing or denying one already known to the law, the rule is, to consider it as cumulative, allowing either the new or the old remedy to be pursued at the option of the party seeking redress.”
The question whether the proceeding begun in the probate court by the defendants in error is to be regarded as an offer to propound the will of John Feuchter, remains to be considered.
. The paper, called a petition, filed by the defendants in error, sets forth the circumstances attending the former rejection of the will by the probate court, and asks that the order of rejection be vacated. It is not material to inquire into the motives of the defendants in error’ in pursuing this course; they may have believed the former order of rejection could be successfully pleaded in bar of their application if not vacated, or they may have been actuated by considerations of extreme caution. In any event, it was not necessary, for the former rejection, as held herein, did not bind them. It is manifest, however, on the face of the application that the object of the defendants in error was to probate the will; the vacating of the former order was ancillary to it, merely. They say in express terms: “Your petitioners now bring said will into court and present it herewith for the purpose of having it probated according to law,” and they pray that “said will may be admitted to probate.” Upon a fair construction this must be held to be an offer to repropound the will.
So of the order of .the court from which the appeal was taken; it was made upon a motion to dismiss the petition, and was in terms a dismissal thereof; it did not contain a word about rejecting the will or refusing its admission to probate. In matters of practice, however, affecting the remedy, courts disregarding the mere forms of entries, should *370 look to the substance of what has been done. The defendants in error had in the probate court a will which they were offering to propound; the proper practice was to hear the evidence, and either reject or admit it to probate. An order is made upon a motion that defeats the proceedings. This order is, in effect, a refusal to probate the will, and should be so regarded, though clothed in language that does not declare this result in express terms.

Judgment affirmed.