## STATUS OF CAUSE AFTER REVERSAL OF ORDER REFUSING TO SET ASIDE A DEFAULT JUDGMENT.

Circuit Court of Cuyahoga County.

ROSE CONNORS, EXECUTRIX, ET AL V. GEORGE RACKLE ET AL.*

Decided, February 5, 1912.

*Trial of Original Action After Reversal by Higher Court—Death of Party After Reversal—Revivor of Original Action Necessary.*

1. Where a judgment of the common pleas court, refusing to vacate a default judgment, affirmed by the circuit court, is reversed by the Supreme Court and the cause is remanded to the common pleas court for further proceedings according to law, it is error for the common pleas court to enter judgment on the mandate of the Supreme Court vacating said default judgment without hearing and determining whether grounds for vacation and a valid defense exist.

2. Upon death of one of the parties to a judgment after its reversal and remand to the trial court for further proceedings it is error to proceed with such new trial until the original action is revived.

*Henry & McGraw* and *McGrath & Stern,* for plaintiffs in error.

*F. M. Cobb, Skiles, Green & Skiles* and *R. B.* and *A. G. Newcomb,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The action in the court of common pleas, out of which this proceeding in error arises, was brought by the filing of a petition to vacate a certain judgment, rendered as upon default, in another action in said court.

Proceedings were had in the court below which resulted in a finding that the plaintiffs were not entitled to the relief prayed for, and a dismissal of their petition. This court affirmed the judgment of the court of common pleas, but the Supreme Court

---

*Affirmed without opinion, *Rackle et al v. Connors, Executrix, et al,* 87 Ohio State, 518.

reversed this court and the court of common pleas in *Rackle et al* v. *Connors et al*, 84 O. S., 473.

The decision of the Supreme Court embodied in the journal entry is in the following language:

"This cause came on to be heard upon the transcript of the record of the Circuit Court of Cuyahoga County, and was argued by counsel. On consideration whereof, this court being of opinion that in the original action the cause had not, prior to the trial thereof by the court of common pleas, and entry of judgment therein, been especially assigned for trial out of its regular order within the meaning of Section 5134, Revised Statutes, nor assigned for trial to a jury in series, and the trial thereof, by said court was before the action regularly stood for trial; and the court being further of the opinion that the plaintiff in error's contention in the present action is not *res adjudicata* because of the overruling of his motion to vacate judgment to be found at page 86 of the printed record, and marked 'defendant's exhibit 3.'

"It is further considered and adjudged that the judgment of the circuit court be, and the same hereby is, reversed, for error in affirming and not reversing the judgment of the Court of Common Pleas of Cuyahoga County in said case of *Rackle et al* v. *Connors et al.*

"And proceeding to render the judgment which the said circuit court should have rendered. it is considered and adjudged that the said judgment of the court of common pleas be, and the same is hereby reversed, and said cause is ordered remanded to said Court of Common Pleas of Cuyahoga County for further proceedings according to law."

Upon receipt of the mandate of the Supreme Court, the common pleas court made the following order:

"This cause came on to be heard upon the special mandate and order of the Supreme Court of Ohio. entered at the January term, A. D. 1911, of said court, to-wit, on May 9th, 1911, and proceeding to render the judgment which this court should have rendered in this cause, this court finds that the trial on February 3d, 1908, of cause No. 102,463, on the docket of this court and entitled '*James W. Connors* v. *George Rackle et al*,' was irregular in that it was had before said cause regularly stood for trial, and that a valid defense to said action has been shown; and it is therefore ordered, adjudged and decreed that the plaintiffs are entitled to the relief prayed for in their peti-

tion and that the judgment rendered by this court on February 3d, 1908, in the sum of two thousand five hundred dollars ($2,500) and costs in said cause No. 102,463, be, and the same is hereby suspended and a new trial granted in said cause; and it is further ordered that in said cause No. 102.463 leave be granted to the defendants therein to plead and make their defense in said cause, and that the trial of said cause proceed in the manner provided by law.''

By this proceeding in error a reversal of the foregoing order of the court of common pleas is sought, and two grounds are urged in support thereof:

1.   That the court determined the issues upon the petition to vacate and subsequent pleadings, without a retrial thereof.

, 2.   That James W. Connors, the plaintiff in the original action, and the defendant in the petition to vacate the judgment. died while the proceeding in error was pending in the Supreme Court, and the order complained of was made without having the action revived.   Both of these contentions we hold to be well founded.

The essence of the order of the Supreme Court was that the judgment of the court of common pleas be reversed and the cause remanded for further proceedings according to law, and since the judgment reversed consisted of a dismissal of the petition, the order of the Supreme Court merely restored the action to its status before the judgment of the court of common pleas was entered.

A proceeding to vacate a judgment involves a determination of whether or not the grounds on which the vacation is sought exist and the existence or non-existence of a valid defense to the action.   This is true whether the proceeding is by motion or petition.   Where the issues are joined upon a petition to vacate a judgment, there must be a trial, both upon the ground for vacating the judgment and the existence of a valid defense to the original action.

These propositions are affirmed by McIlvaine, C. J.. in *Watson et al* v. *Paine*. 25 O. S., 340, in the following language found on page 344:

"When a proceeding by petition or by motion to vacate or modify a judgment is instituted, under Section 535 or 536, the first thing to be done by the court is to try and decide whether or not a 'ground' to vacate or modify exists (Section 537.) 'The grounds' referred to in this section are those enumerated in the nine subdivisions of Section 534. In some cases, the question thus tried and decided, can be determined by inspection of the record; in others, the testimony of witnesses must be heard. But in all cases this question must be tried and decided by the judge or judges. When the evidence of ground to vacate or modify is thus decided, the case is not yet ready for a final judgment of vacation or modification. Before such judgment can be entered, if the petition or motion be filed by the defendant in the original action, it must be adjudged that there is a valid defense to the action (Section 538). In order that the validity of the defense may be adjudged, an issue or issues should be made up by proper pleadings. If the proceedings to vacate or modify be by motion, the defendant should be required to file his answer to the original petition with leave to the plaintiff to reply. If the proceeding be by petition, in which the matters of defense are set forth in issuable form, it would be sufficient, no doubt, to take issue thereon by reply or demurrer. When the issue is thus made up, it should be tried as in other cases."

In support of these principles see also *Ralston et al* v. *Wells*, 49 O. S., 298; *Follett* v. *Alexander et al*, 58 O. S., 202.

The court below heard no evidence in support of, or against, either of the essential facts necessary to secure a vacation of judgment. The journal entry shows that the cause came on to be heard, not on the evidence, but on the special mandate and order of the Supreme Court. This is a sufficient answer to the suggestion of counsel for defendants in error that this court is not at liberty to go into the question as to what evidence was presented in the court of common pleas, and that it is always presumed that the court when it makes a finding had before it proof of facts necessary to sustain its finding, and upon which the judgment was rendered.

In our opinion the court of common pleas was in error in making its order without a trial or hearing and on the strength of the mandate of the Supreme Court.

The second ground of error complained of is supported by the expression of the court in *Williams* v. *Englebrecht*, 38 O. S., 96, where it is said on page 97:

"Notwithstanding the death of the plaintiff in error after the assignment of errors and before final judgment, the judgment of reversal is valid and effective. By relation, the judgment of reversal takes effect as of the date of the commencement of the proceedings in error.

"True, the original action must be revived before a new trial can be had in the court below; but such revivor may be had in the court to which the cause has been remanded for a new trial. See *Block* v. *Hill*, 29 O. S., 86; and *Foreman* v. *Haag*, 37 O. S., 143."

It is urged by the defendants in error that the order the reversal of which is sought in this proceeding, is not a final order.

We think this contention is refuted by *Braden* v. *Hoffaman*, 46 O. S., 639, where it was held:

"An order of the court of common pleas, made on motion of the defendant, and vacating a default judgment entered at a previous term for irregularity in obtaining the same, is an order affecting a substantial right made upon summary application after judgment, and may be reviewed, vacated, or modified for errors appearing on the record."

The judgment of the court of common pleas is reversed and the cause remanded for further proceedings according to law.