## STATE COURT OF APPEALS—Continued

### No. 308
### REEDER v. OESTRICHER
Ohio Appeals, 2d Dist., Franklin County
No. 1157. Decided March 20, 1924

2. ABATEMENT AND REVIVOR—Revivor of action one year after plaintiff's death is discretionary with court.

118. AUTOMOBILES—Coroner's verdict relating to cause of plaintiff's death long after collision with automobile is properly rejected.

ALLREAD, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action against Reeder resulting from a collision between an automobile driven by him, and a wagon in which the plaintiff was riding. The accident occurred Nov. 29, 1920. The action was brought April 4, 1921. Plaintiff died July 21, 1921, and an administrator was appointed shortly thereafter. A motion for revivor was not made until Nov. 16, 1922. The action was revived in the name of the administator Feb. 19, 1923.

The trial resulted in a verdict against Reeder. Reeder assigned as error the revivor and the rejection of evidence as to the finding of the coroner as to the death of the plaintiff. In affirming the judgment the Court of Appeals held:

1. By 11411 and 11412 GC. a revivor is permitted to be made within one year from the time it might first have been made, but such revivor shall not be made of right without consent of the defendant after one year from said time. We think the words "of right" was intended to give the trial court a discretion over a revivor after the expiration of one year. 11 CC. 196, 29 OS. 86.

2. We are of opinion that the coroner's finding and verdict was properly rejected because it related to the cause of the plaintiff's death and not directly to the condition of the plaintiff following the injury. The latter was the direct fact in issue.

Attorneys—Williams, Sinks & Williams, for Reeder; T. H. Clark, for Oestricher; all of Columbus.