W. R. GOLDIE V. A. G. STEWART ET AL.

FILED MARCH 22, 1906.     No. 14,050.

Process: AMENDMENT: ELECTION.   Where a plaintiff in an action is
given leave to amend a defective affidavit for service by publi-
cation and a defective return of a service of summons, but fails
to make such amendment, he will be deemed to have elected to
stand on the original affidavit of publication and the original
return of summons.

ERROR to the district court for Dixon county: GUY T.
GRAVES, JUDGE.  Affirmed.

F. A. McMaster and Joy & Burton, for plaintiff in error.

McCarthy & McCarthy, contra.

OLDHAM, C.

This was an action to foreclose a real estate mortgage
on certain lands situated in Dixon county, Nebraska.
The petition was sufficient in form, and service by publi-
cation was asked for against defendants William A. Dean
and Emma E. Dean, his wife, who were the owners of the
lands in controversy.  An affidavit for service by publica-
tion, alleging that William A. Dean and Emma E. Dean
were nonresidents of the state of Nebraska, was filed by
C. L. Joy, one of the attorneys for the plaintiff, and
was subscribed and sworn to before F. A. McMaster, a
notary public of Dixon county, who was also an attor-
ney for the plaintiff.  On this affidavit a summons,
returnable on the 23d day of February, 1903, was
issued to the sheriff of Dixon county, who thereupon
deputized Frank A. Blanchard of Sioux City, Iowa, to
serve the same on the defendants, who were residents of
the state of Iowa.  By this summons defendants were re-
quired to answer the plaintiff's petition on the 16th day of
March, 1903.  On the 11th day of February, 1903, this
summons was returned, verified in the following manner:

"Subscribed and sworn to before me and in my presence on this 11th day of February, 1903. (Seal.) C. L. Joy, Notary Public."

Defendants William A. Dean and Emma E. Dean filed a special appearance, excepting to the jurisdiction of the court, on the 14th day of March, 1903. This special appearance attacked the sufficiency of the affidavit for service by publication, the sufficiency of the return to the service of summons, and the sufficiency of the copy of summons served upon defendants. The motion was supported by the affidavits of defendants, to which the copy of summons was attached. On the 11th day of May, 1903, before the exceptions to the jurisdiction by defendants had been disposed of, the plaintiff filed a motion, asking leave of the court to amend his affidavit for notice by publication for the reason that the record shows that the affidavit on file was sworn to before one of the attorneys in the case. He also asked leave to amend the return of Frank A. Blanchard to the service of summons by having the return verified before an officer duly authorized to administer the oath. The motion further asked that all these entries be made *nunc pro tunc*. The special appearance and the motion to amend the affidavit and the return of the service of summons were considered together at the time the leave was asked, and the court found that the affidavit for publication was defective and voidable, that the return of the officer to service of summons was insufficient, that the copy of summons served upon said defendants was not properly certified by the seal of the clerk of the district court for Dixon county, and that the court was without jurisdiction of the persons of defendants William A. Dean and Emma E. Dean. The court also entered the following judgment and finding on plaintiff's motion to amend the process: "Plaintiff's motion to amend his affidavit for publication and return of officer *nunc pro tunc* coming on to be heard contemporaneously with special appearance is overruled; but plaintiff is given leave to amend both affidavit

and return of summons." Plaintiff never tendered an amended affidavit and return, but, instead, prosecuted error from this order to this court. His petition in error was dismissed in an unofficial opinion reported in 5 Neb. (Unof.) 523, on the ground that the order quashing the service was not a final order. At a subsequent term of the district court held on June 6, 1904, the plaintiff appeared by his attorney and asked for a default against defendants William A. Dean and wife. The motion was refused by the trial court on his own instance, and plaintiff offered to introduce testimony against these defendants tending to show their liability. This offer was denied by the court for the reason that he had no jurisdiction of the persons of these defendants, and the court thereupon dismissed the plaintiff's petition as to defendants William A. Dean and Emma E. Dean. To reverse this judgment plaintiff brings error to this court.

Plaintiff's contention is that, while the process by which he sought to obtain jurisdiction of defendants Dean and wife was defective, yet it was voidable and not void, and therefore he should have been permitted to amend his process by a *nunc pro tunc* entry made in the first instance. Even if this contention should be deemed meritorious, for the sake of the argument, we are still unable to see how plaintiff has placed himself in a position to complain of the action of the trial court in refusing to make a *nunc pro tunc* entry in connection with his leave to amend. By our former decision of this case, we held that the refusal to allow the amendment of the process *nunc pro tunc* was not a final order which could be reviewed by this court. Now, when the mandate accompanying this decision was returned, plaintiff did not tender any amended affidavit for publication or any amended return of service of summons, but, on the contrary, he moved for a default against the defendants on the process which had been quashed by the court. Defendants properly made no further appearance in the case. While, as contended by counsel for plaintiff in error, the same

liberal rule that applies to amendments of pleadings under the code is ordinarily applied to amendments to process, it is also true that, when leave to amend a process is granted and no amendment is made, the party will be deemed to have elected to stand on the original process, the same as he would on an original pleading which he had failed to amend after leave to do so was granted. Under this rule, plaintiff stood asking for a, default on a defective process, which had been successfully attacked by special appearance before answer day. Consequently, he is in no position to complain of the action of the trial court in denying his motion for a default, or in refusing to admit evidence tending to show the liability of the defendants, or in dismissing the action as to them.

It is urged by plaintiff in error that, unless he had been permitted to amend his process *nunc pro tunc*, his cause of action would have been barred by the statute of limitations, and that an amendment as of the date at which leave to amend was granted would have availed him nothing as against such a plea. Be this as it may, there is no way by which we have a right to anticipate what defense defendants would have interposed against plaintiff's prayer for a foreclosure of the mortgage, had they been legally served. They might have pleaded the statute of limitations, or they might have pleaded payment of the indebtedness, or they might have denied the execution of the mortgage; and whether or not the refusal to allow the amendment of the process *nunc pro tunc,* if error at all, was prejudicial to plaintiff could only be determined after defendants were properly in court and had pleaded to the cause. Plaintiff should have amended his process so as to give the court jurisdiction over the persons of the defendants, and, having done so, if they pleaded the statute of limitations as a defense, he could then have insisted on his right, if he had any, to have the amendment relate back to the date of the original process. If the court had refused him such right, and sustained the defense of limitation and rendered a judgment in favor of the defendants

on such plea, then plaintiff would have had a final order of the court prejudicial to his right, which he could have presented for review. But, having tendered no amendment, his right to a default stands on the validity of his original process.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.