KENT K. HAYDEN, APPELLANT, V. EDWARD T. HUFF ET AL., APPELLEES.

FILED JULY 10, 1901.   No. 9,186.

1. **Action May Be Revived in Name of Representative of Deceased Party Within One Year.** Under the provisions of the Code entitled "Revivor of Actions," sections 456-470, an action may be revived in the name of the representatives or successor in in interest of a deceased party to the action, on a conditional order, without the consent of the adverse party, at any time within one year from the time when the order might have been first entered.

2. **Action Not Revived in One Year, Should Be Stricken from Docket.** If an action is not revived within one year from the time an order of revivor might have been first made, and this fact is made to appear by affidavit, it is made the duty of the court in which the action is pending to strike it from the docket.

3. **Statutory Method Not Exclusive.** The summary mode pointed out in the statute referred to for the revivor of an action is not exclusive.

4. **Surviving Action May Be Continued by Pleading and Summons.** By section 45 of the Code, where the cause of action survives, the court may allow the action to continue by or against the representatives or successor in interest by the filing of supplemental pleadings and the service of summons, as in the commencement of an action.

5. **Limitation Does Not Apply to Proceeding Under Section 45.** The limitation of the statute as to time, contained in the provisions for summary proceedings to revive an action on a conditional order, does not apply to proceedings for revivor under the provisions of section 45 of the Code.

6. **Striking Cause from Docket Suspends, But Does Not Dismiss.** Striking an action from the docket, as provided for in the summary proceedings referred to, is not equivalent to dismissing the case out of court; the legal effect is to suspend further proceedings till some other steps are taken by which a final disposition thereof can be made, and the case yet remains in the court in which it was pending.

7. **Right to Revivor in Discretion of Court.** The right to revivor under the provisions of section 45 rests in the exercise of a sound discretion by the trial court, governed by equitable principles, which requires reasonable diligence and good faith on the part of those invoking its action; the right to revival to be granted or refused according to the circumstances and nature of the case. *Carter v. Jennings*, 24 Ohio St., 188.

8. **Petitioner Entitled to Revivor.** *Held*, In the present case, that the petitioner is entitled to have the action revived in his name as the lawful representative of the deceased plaintiff.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J.

Application, on rehearing being allowed, by administrator for order of revivor. *Allowed.*

*Cobb & Harvey,* for appellant.

*Wolfenbarger & Williams, A. S. Tibbets, James E. Philpott* and *Lambertson & Hall, contra.*

HOLCOMB, J.

The present action is one in equity pending in this court on an appeal from a judgment rendered in the district court of Lancaster county in favor of the defendants, appellees in this court. The cause was submitted on its merits for a decision on the issues raised by the pleadings and the evidence, and an opinion handed down October 18, 1900, affirming the decree of the lower court. *Hayden v. Huff,* 60 Nebr., 625. A motion for a rehearing was in due time presented, which, on consideration, was sustained and a rehearing allowed.

At this stage of the proceedings, the appellee, Alice A. Minick, suggested the death of plaintiff and appellant, ac-

companied by a showing that his death occurred in July, 1898; that Minnie E. Hayden was, on the 15th day of August following, duly appointed administratrix of the estate of the deceased, and because no application had been made to have the action revived in the name of the administratrix for more than one year after her appointment, it was moved that the appeal be stricken from the docket. The motion was sustained and the action stricken from the docket. The administratrix having died in the meantime, Edwin T. Peters was duly appointed administrator *de bonis non* of the estate of the appellant, Kent K. Hayden, deceased, and appears in this action for the purpose of having it revived in his name as such administrator. The application is made by a supplemental petition in the nature of a bill of revivor. By the answer filed to the petition for revivor the issue presented is one of law only, and that is, whether, when more than a year has elapsed after the appointment of the administratrix of the estate of the deceased appellant, without any steps having been taken to have the action revived in her name, and after the action has been stricken from the docket on motion of the appellee, by the proceedings now resorted to for that purpose, a revivor may be rightfully ordered. The law governing the subject, in this state at least, appears to be somewhat obscured by doubt and diversity of opinion. More or less confusion on the part of the bench and bar has been the natural result thereof. There is no question in the present case as to the cause of action existing in favor of the deceased being one which under the law survives his death when the proper steps are taken to have the action revived in the name of the proper party as successor in interest. The question is not whether the cause of action survives, but by what method, and whether more than one, may the action be revived, which otherwise would abate by the death of the plaintiff and appellant.

Under the title, "Revivor of Actions," sections 456-470, of the Code of Civil Procedure, it is provided by section 459 that the revivor shall be by a conditional order that

the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them. By section 460 the conditional order may be made on the motion of the adverse party or the representatives or successor of the party who died. Sections 461 and 462 provide for the manner in which notice of the conditional order shall be served, unless the order is made by consent, in which case the action shall forthwith stand revived. In section 466 it is declared that an order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made; and in the following section (467), with reference to the death of a plaintiff, it is provided that the order may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers ceased, the order of revivor on both sides may be made in the period limited in the last section. By section 468 it is provided that when it is made to appear to the court by affidavit that either party to an action has been dead for a period so long that the action can not be revived in the names of his representatives or successor without the consent of both parties, it shall order the action to be stricken from the docket.

From the foregoing, and other sections relating to the subject, the following is fairly deducible from our statutory enactment concerning the proceedings of a summary character by which an action may be ordered revived in the name of the proper party in interest, where the cause of action survives: (1.) By the consent of all parties in interest an order of revivor may be entered at any time. (2.) By a conditional order served on the opposite party or parties, if no cause is shown to the contrary, the order of revivor may be made at any time within one year from the time the order might have been first made. (3.) That

if an action is not revived within one year from the time an order of revivor might have been first made, and this fact is made to appear by affidavit, it is made the duty of the court in which the action is pending to strike it from the docket. The provisions under consideration, no doubt, apply to all actions pending in this court, whether upon appeal or by proceedings in error, to the same extent and with equal force, as to actions before judgment, pending in the district courts of the state. If these statutory provisions for revivor were exclusive, the questions under consideration would require no further discussion, and our conclusion of necessity would be adverse to the application of the petitioner. That the summary method pointed out by the statute referred to is not exclusive has already been determined by the former adjudications of this court.

By section 45 of the Code it is provided that in case of the death or other disability of a party, where the cause of action survives, the court may allow the action to continue by or against his representative in interest. This section has been construed as giving the right to revive an action independent of the provision of the statute under the title of revivor heretofore referred to. In *Rakes v. Brown*, 34 Nebr., 304, it is decided by the fourth paragraph of the syllabus that: "The mode provided by title 13 of Civil Code, for reviving actions by conditional order of revivor, is not exclusive. Section 45 of the Code confers authority upon the court to allow the action to be prosecuted by or against the representatives or successors in interest of a deceased party. For this purpose supplemental pleadings may be filed and summons served as in the commencement of an action. *Fox v. Abbott*, 12 Nebr., 333; *Carter v. Jennings*, 24 Ohio St., 182." Says NORVAL, J., in the opinion in that case: "True, no conditional order of revivor in the names of the heirs was made by the district court. But the mode provided by title 13 of the Civil Code, for reviving actions by conditional order, is not exclusive. Section 45 of this Code provides, among other things, that 'in case of the death, or other

disability, of the party, the court may allow the action to continue by or against his representative or successor in interest.' It has been held that the proper practice to revive an action under this section is by filing supplemental pleadings, and the service of summons, as in the commencement of an action." *Fox v. Abbott,* 12 Nebr., 328, 333; *Carter v. Jennings,* 24 Ohio St., 182. In this case no summons was necessary, as all the parties voluntarily appeared.

In the opinion in *Fox v. Abbott,* cited above, MAXWELL, J., who wrote the opinion, says, "The chapter providing for a summary revivor of actions is not exclusive. The court undoubtedly has power under section 45 of the Code, to allow the action to be prosecuted by or against the representatives of a deceased party, in which case supplemental pleadings may be filed and summons served as in the commencement of an action. And this is the practice in Ohio under a similar statute. *Carter v. Jennings,* 24 Ohio St., 182."

While somewhat in the nature of a dictum, because the question for decision was the limitation as to time of reviving a dormant judgment, it is observed by MAXWELL, J., in *Hunter v. Leahy,* 18 Nebr., 80, 81, that "the mode of reviving actions by motion is not exclusive. A party may, after the expiration of a year, revive an action by bill or supplemental petition. *Carter v. Jennings,* 24 Ohio St., 188; *Fox v. Abbott,* 12 Nebr., 328; *Pendleton v. Fay,* 3 Pai. Ch. [N. Y.], *204; 2 Daniels, Ch. Pr. (4th ed.), 1509; Maxwell, Pl. & Pr. (3d ed.), 695."

It is insisted, however, by counsel for appellee that, conceding the summary proceedings authorized by the statute on a conditional order are not exclusive, yet the limitation as to time must control, whatever may be the mode pursued to revive, and if the action is not revived by either method within the time limited, further proceedings are forever barred, and the action must stand abated. If the summary proceedings are to be construed as not exclusive, we know of no sound reason for taking the position that

the section therein limiting the time within which the ac-
tion may be revived against the consent of the opposing
party should apply to all proceedings brought to revive
an action. In other words, the limitation as to time therein
mentioned could not logically be held to extend further
than the provisions of which it forms a part. If other
proceedings are authorized independent of the statute pro-
viding for summary proceedings, then the time limit men-
tioned for the summary proceedings does not govern in
the independent action. It was not, as we construe the leg-
islative intent, intended to operate beyond and regarding
proceedings not within the scope and purview of the stat-
ute in which the limitation for proceedings thereunder is
prescribed.

But there exists yet another and a stronger reason for
holding the limitation as to time mentioned in the sum-
mary statute is not of general application to all proceed-
ings brought to revive an action because of the death of a
party in interest. In the first place, it is provided un-
equivocally that by the summary method pointed out a
final order of revivor shall not be made without the con-
sent of the parties after one year from the time when it
might have been first made. Secondly, the provision is
that after the time has elapsed in which an order of re-
vivor may be made without the consent of all parties, the
court shall, when it is made to appear by affidavit that such
is the fact, strike the action from the docket. It is no-
where provided that the action shall abate, or that no re-
vivor shall thereafter be had. The action is only stricken
from the docket. This is not, in our view of the law, equiv-
alent to dismissing the case out of court, either by dismiss-
ing the action, or the appeal, or the proceedings in error.
The legal effect is to suspend further proceedings until
some other steps are taken by which a final disposition
thereof can be made. The case yet remains in the court
in which it is pending. It has not been finally disposed of.
It is a temporary abatement of the case, which must con-
tinue until the proper steps are taken by which the action

may be revived and proceed to final judgment. It is not a final order abating the action. Whether such an order may be entered on notice to the proper parties need not now be decided. The action, however, is not finally disposed of by the entry of the order striking it from the docket.

In *Carter v. Jennings, supra,* under Code provisions for the revivor of actions similar to our own, and from which ours were almost bodily taken, it is held by the supreme court of Ohio, first, that the chapter providing for the summary proceedings is not exclusive, but that the court, under the general provision for the revivor of actions (our section 45), in the exercise of a sound discretion, is authorized to allow actions to be prosecuted by or against the representatives or successor in interest of a deceased party, for which purpose supplemental pleadings may be allowed, and process served, as in the commencement of an action; and second, that the court, in the exercise of the discretion by it possessed for such purpose, is governed by equitable principles, which require reasonable diligence and good faith on the part of those invoking its action; and where the time has elapsed within which an action can be revived by a conditional order under the chapter providing for summary proceedings, the application for leave to continue the suit by supplemental pleadings may be granted or refused, according to the nature and circumstances of the case. Says White, J., in writing the opinion: "The limiting the right of continuing an action against the representative of a party to the year within which a conditional order may be made, would evidently in many cases work great inconvenience, and sometimes defeat the ends of justice. In equity cases, the parties are often very numerous, many of them living remote from the place of litigation. If the failure to revive an action against the representatives of a necessary party within the time allowed for a conditional order, necessarily defeats the action, the consequences may be very serious to litigants chargeable with no laches. That a new suit may be brought is true;

but, in the meantime, the cause of action may have become barred. Besides, whatever expense may have been incurred or progress made in the former suit, in the way of taking testimony or otherwise, goes for nothing. If a new action has not become barred, the representatives of a deceased party would not be benefited, while the opposite party would be unnecessarily embarrassed. The tendency of the rule would be to multiply litigation and prolong the final determination of the controversy. No such absolute limitation upon the right of reviving an action was found in the former practice. And before we are authorized to say it was intended to be introduced by the Code, we think the intention ought to be more clearly evinced."

In *Black v. Hill,* 29 Ohio St., 86, the case of *Carter v. Jennings, supra,* was cited, approved and followed. It was also therein held that the provision of the Code for reviving or continuing actions in favor of or against the successors in interest of a party, or the representatives of a deceased party, may be applied to proceedings in error, and that the court was authorized, on the application of the representatives of a deceased party, to allow them to become parties, and the proceedings in error to be carried on in their names, although more than a year may have intervened from the death of the original party to the time of the application.

In *Pavey v. Pavey,* 30 Ohio St., 600, it was also held that notwithstanding more than a year had elapsed after the death of the original party, the action might be revived by or against his representatives or successor in interest, following the two prior decisions on the same point.

In *Reid v. Stuart,* 20 W. Va., 382, it is held that an action in equity may be revived either by the statutory mode or by bill of revivor. Of the same import is *Hall v. Hall,* 1 Bland's Ch. Rep. [Md.], 130. See, also, 18 Ency. Pl. & Pr., 1100, and authorities cited in notes 4 and 5; *McArthur v. Williamson,* 45 Fed. Rep., 154; *Pingree v. Coffin,* 12 Gray [Mass.], 288; *Barr v. Chapman,* 11 Ohio Cir. Ct., 196; *Russell v. Craig,* 3 Bibb [Ky.], 377.

In the case at bar, the appeal to this court was perfected and briefs were filed under the rules of court during the time the plaintiff and appellant was living. Because of the accumulation of business and the crowded condition of the docket no submission for a decision could be had for quite a period of time after the case was docketed. At the time of its submission for final decision, and when the opinion was filed, no action had been taken by either party suggesting the death of the plaintiff, although the event had transpired over a year prior thereto, and nothing had been done to secure a revivor in the name of his legal representative. After the granting of the motion for a rehearing, for the first time the attention of the court was called to the death of the plaintiff, and the suggestion was accompanied by the motion to strike the case from the docket. This order the moving party was entitled to under the provisions of the section heretofore quoted. At the time, the administratrix of the deceased plaintiff was also deceased, having died but a short time prior thereto. The present application is by her successor as administrator *de bonis non*, and was made soon after his appointment. Adherence to safe rules of practice, and commendable diligence in the prosecution of the case, would, we think, have suggested the advisability of reviving the action within a reasonable time after the death of the plaintiff and the appointment of the administratrix of his estate. Both parties appear to have been content to let the action proceed in his name, notwithstanding his death. There could be no legal abatement of the action until the death was suggested in some way to make it a matter of record in the court in which the action was pending. All proceedings had and orders entered after death, but before suggestion thereof, would, we apprehend, relate back to the time prior to death of plaintiff, and become as valid and binding on all parties to the record, or those entitled to become parties, as though he were living. There is no objection offered or existing for not ordering the action revived, save the contention that the limitation of the stat-

ute bars the right of the present applicant to have the cause revived. We are not willing to hold that plaintiff's representatives have been negligent to such a degree that under equitable considerations and in good conscience the order ought not now to be granted. Otherwise, his legal and equitable rights, as the duly appointed and regularly constituted representative of the deceased, entitled to enforce every right and obtain all the relief that the deceased may be found to have been entitled to, are beyond any serious question.

By the application of the equitable principles heretofore considered to the facts and circumstances in the case at bar, relating to the right of revivor, we arrive at the conclusion that the supplemental petition for revivor is well grounded, and ought to be sustained. An order will, therefore, be entered, reviving the action in the name of the petitioner as the representative of the deceased plaintiff, and directing its continuance in his name in such representative capacity.

JUDGMENT ACCORDINGLY.