VICKI L. KOVAR, APPELLEE AND CROSS-APPELLANT, V.
DALE G. HABROCK, APPELLANT AND CROSS-APPELLEE.
622 N.W.2d 688

Filed March 9, 2001.   No. S-99-1163.

Eugene L. Hillman and Patricia McCormack, of Hillman, Forman, Nelsen, Childers & McCormack, for appellant.

David S. Houghton and J.P. Sam King, of Lieben, Whitted, Houghton, Slowiaczek & Cavanagh, P.C., and Daniel G. Dolan for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Dale G. Habrock, argues that the district court did not have jurisdiction to render a default judgment against him. At issue is whether, under Neb. Rev. Stat. § 25-217 (Reissue 1995), the action of the appellee, Vicki L. Kovar, was dismissed by operation of law because Habrock was not served with process within 6 months.

After experiencing difficulties serving Habrock personally, Kovar was granted leave under Neb. Rev. Stat. § 25-517.02 (Reissue 1995) for alternate service. The order provided for service by publication and service on Habrock's probation officer, but Kovar failed to serve the probation officer. After the 6-month period for service of process under § 25-217 had passed, the district court found that the initial service was effective and entered a default judgment against Habrock. We conclude that service was not made within 6 months from the filing of the petition and that the action was dismissed by operation of law. Accordingly, the district court lacked jurisdiction to enter the default judgment. We reverse, and remand with directions to the district court to vacate the order granting the default judgment in favor of Kovar and to enter an order that Kovar's petition stands dismissed under § 25-217.

## BACKGROUND

Kovar filed an action seeking damages for emotional distress after her son was killed in an automobile accident on May 4, 1995. A separate wrongful death action was also filed and is not part of this appeal. On October 2, 1998, Kovar filed her petition in the district court. Kovar served process on American Family Insurance Company, Habrock's insurance carrier. A summons was issued to the Douglas County sheriff for personal service upon Habrock, but Habrock had moved, and the sheriff could not locate him. On October 30, 1998, an attorney, on behalf of Habrock, filed a special appearance for the sole purpose of objecting to personal jurisdiction because a proper service of summons had not been made. In an affidavit accompanying the motion, Habrock's attorney stated that Habrock continued to reside in the Omaha, Nebraska, area and that he continued to meet with his probation officer. The district court sustained the special appearance on November 18.

On December 3, 1998, Kovar filed a motion for alternative service, requesting leave to serve by publication and by sending the petition by certified mail to Habrock's probation officer. The court sustained the motion on the same day. On January 15, 1999, an attorney for Kovar filed an affidavit stating that notice of the action was published in The Daily Record of Omaha on January 12 and that a copy of the notice was mailed to Habrock's last known address. But the affidavit did not state that a certified mailing had been made to Habrock's probation officer. The record contains a publisher's affidavit, stating that notice was published on January 12, 19, and 26. The notice stated that a petition had been filed in the district court for Douglas County, but it provided the wrong docket and page numbers. The notice stated that the object and prayer of the petition was for judgment against Habrock in the amount of $100,000 and such general damages that may be proved at the time of trial. The notice required an answer on or before February 25.

On March 22, 1999, Kovar's attorney again made a motion for alternative service. In support of the motion, the attorney submitted an affidavit stating that Habrock continued to reside in the Omaha area and continued to meet with his probation offi-

cer. The motion, however, requested to serve only by publication. The district court sustained the motion the same day, granting leave to serve by publication.

The 6-month time limit for obtaining service under § 25-217 expired on April 2, 1999. On April 30, an attorney for Kovar filed an affidavit stating that notice of the action was first published in The Daily Record of Omaha on April 26, 1999. A publisher's affidavit showed that notice was also published on May 3 and 10, 1999, and that a copy of the notice was mailed to Habrock's last known address. The notice required an answer before June 9.

On May 4, 1999, 4 years had expired since the events alleged in Kovar's petition. On June 9, Habrock filed a motion for summary judgment, contending that the district court lacked subject matter jurisdiction because the action stood dismissed by operation of law. In response, Kovar filed a motion on July 2, requesting that the court (1) reconsider the order sustaining Habrock's special appearance of October 30, 1998, or, in the alternative, allow Kovar to subpoena records of American Family Insurance Company; (2) order that service was properly perfected; and (3) enter a default judgment against Habrock. On September 8, 1999, the district court overruled the motion to reconsider the special appearance but determined that service was properly perfected. In reaching this conclusion, the district court stated that Kovar had the wrong docket and page numbers, along with the wrong filing date in the notice published in January, but that there was sufficient information in the notice to satisfy the requirements of Neb. Rev. Stat. § 25-519 (Cum. Supp. 2000). The district court then found that Habrock had not responded in a timely fashion to Kovar's petition. Thus, the district court overruled Habrock's motion for summary judgment. The district court entered a default judgment against Habrock on the issue of liability and determined that the matter should be set for trial on only the issue of damages.

Habrock filed his appeal from the September 8, 1999, order. Kovar filed a motion for summary dismissal for lack of jurisdiction, arguing there was not a final, appealable order. The Nebraska Court of Appeals denied the motion. Kovar filed a cross-appeal. We moved this case to our docket pursuant to our

power to regulate the docket of this court and the Court of Appeals.

## ASSIGNMENTS OF ERROR

Habrock assigns, rephrased, that the district court erred in (1) determining that service of summons was proper and that it had subject matter jurisdiction over the case, (2) overruling his motion for summary judgment, and (3) entering a default judgment in Kovar's favor.

On cross-appeal, Kovar assigns that the district court erred in failing to vacate its order sustaining Habrock's special appearance or, alternatively, failing to grant Kovar leave to subpoena the records of Habrock's insurance carrier.

## STANDARD OF REVIEW

The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000); *Cao v. Nguyen*, 258 Neb. 1027, 607 N.W.2d 528 (2000).

## ANALYSIS

Habrock contends that because his probation officer was not served as required by the district court's order of December 3, 1998, Kovar's action was dismissed by operation of law on April 2, 1999, 6 months from the date the petition was filed. Thus, Habrock contends that the district court was without jurisdiction to enter a default judgment against him.

Under Neb. Rev. Stat. § 25-505.01 (Reissue 1995), service may be accomplished through personal service, residence service, or by certified mail. When service cannot be accomplished as provided for in § 25-505.01, § 25-517.02 provides:

> Upon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute, the court may permit service to be made (1) by leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address, (2) by publication, or (3) by any manner reasonably calculated under the

circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard.

Under § 25-217, "[a]n action is commenced on the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed." The language of § 25-217 providing for dismissal of unserved petitions is self-executing and mandatory. *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000). After dismissal of an action by operation of law pursuant to § 25-217, there is no longer an action pending and the district court has no jurisdiction to make further orders except to formalize the dismissal. *Id.* If orders are made following the dismissal, they are a nullity, as are subsequent pleadings. See *id.*

Kovar failed to follow the district court's order of December 3, 1998, which required service by publication and service on Habrock's probation officer. We note that Kovar specifically requested alternate service in the form of both service by publication and service on the probation officer, a service that would be more likely to accomplish its goal than service by only publication. We further note that the district court's order did not allow for either service by publication or service on the probation officer, but, instead, the order required both. Had Kovar desired a court order for service by publication only, she was free to request only that service, but she did not do so, and the district court did not order service by publication only. Because Kovar failed to follow the district court's order, we determine that the service by publication in January 1999 was untimely, and that thus, Habrock was never served within 6 months from the date the petition was filed.

Kovar argues that the initial service on Habrock's insurance company was sufficient to effect service on Habrock. Thus, Kovar contends that any further attempts at service were unnecessary and that any failures in those attempts were inconsequential. Section 25-505.01, however, does not provide for service on a party's insurance company. Under § 25-517.02, upon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute, the district court may permit service by any manner reasonably cal-

culated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard. Kovar, however, did not make a motion for, nor did the district court permit, service on the insurance company. Accordingly, we conclude that Kovar's argument is without merit.

Kovar also argues that the district court's order of March 22, 1999, allowing service by publication, relates back to the order of December 3, 1998, which allowed service by publication and service on the probation officer. Thus, Kovar contends that the first service by publication became sufficient when the district court entered an order allowing for an additional service by publication only. We find this argument unpersuasive.

Kovar's second motion for alternative service did not seek an order from the court to amend the first motion for service by publication in order to accomplish service under the publication in January 1999. See, generally, *Goldie v. Stewart*, 76 Neb. 168, 107 N.W. 245 (1906). Kovar also did not file a new petition after the 6-month timeframe for effecting service of process had passed. See, generally, *Vopalka v. Abraham, supra*; *Cotton v. Fruge*, 8 Neb. App. 484, 596 N.W.2d 32 (1999). Instead, Kovar sought to perform only a second service by publication, something she requested within the 6-month timeframe under § 25-217, but failed to undertake until after that period had passed.

We conclude that as of April 2, 1999, service was not effected and that the action stood dismissed by operation of law. At that time, the district court lacked jurisdiction over the action and any further orders were null and void, including the order entering a default judgment against Habrock. Although the district court found in September 1999 that there was sufficient information in the notice of publication in January 1999 to satisfy the requirements of § 25-519, this finding occurred in an order after the date on which the action stood dismissed by operation of law and when the court lacked jurisdiction. Thus, the entirety of that order is a nullity. See *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000).

When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine

the merits of the claim, issue, or question presented to the lower court. *State ex rel. Lamm v. Nebraska Bd. of Pardons*, 260 Neb. 1000, 620 N.W.2d 763 (2001); *Ferguson v. Union Pacific RR. Co.*, 258 Neb. 78, 601 N.W.2d 907 (1999). Accordingly, we do not have jurisdiction to address Kovar's assignments on cross-appeal that the district court erred in failing to vacate its order sustaining Habrock's special appearance or, alternatively, failing to grant Kovar leave to subpoena the records of Habrock's insurance carrier. The district court's order entering a default judgment against Habrock is null and void. We therefore reverse, and remand with directions to the district court to vacate the order granting a default judgment in favor of Kovar and to enter an order that Kovar's petition stands dismissed under § 25-217.

REVERSED AND REMANDED WITH DIRECTIONS
TO VACATE AND DISMISS.

McCORMACK, J., not participating.