JENNIFER J. MAXWELL, APPELLEE, V. KRISTY J. MONTEY AND MARVIN L. MONTEY, APPELLANTS, AND ZEBADIAH KAIN STEBBINS ET AL., APPELLEES.

656 N.W.2d 617

Filed February 21, 2003.  No. S-02-361.

Thomas B. Wood and Stephen L. Ahl, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellants.

Daniel H. Friedman, of Friedman Law Offices, for appellee Jennifer J. Maxwell.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Jennifer J. Maxwell filed a lawsuit against Kristy J. Montey (Montey) and her father, Marvin L. Montey; Zebadiah Kain Stebbins (Stebbins) and his mother, Diana Lynn Stebbins; and Continental Western Insurance Company for injuries she sustained in an automobile accident. Maxwell alleged that the accident occurred as the result of a "speed contest" between Montey and Stebbins. Maxwell named Montey's father and Stebbins' mother as defendants under the family purpose doctrine. The district court granted Stebbins' motion for directed verdict at the close of Maxwell's case in chief, and the jury returned a verdict in favor of Maxwell and against the Monteys in the amount of $250,000. After trial, the district court granted Maxwell's motion for a new trial against Stebbins but denied the Monteys' motion for a new trial. Stebbins appealed, and the Monteys cross-appealed. Stebbins and Maxwell subsequently settled their dispute prior to oral argument in the Nebraska Court of Appeals. The Court of Appeals affirmed the judgment of the district court, and we granted the Monteys' petition for further review. We affirmed the judgment of the Court of Appeals. See *Maxwell v. Montey*, 262 Neb. 160, 631 N.W.2d 455 (2001) (*Maxwell I*).

As part of the settlement between Stebbins and Maxwell, Stebbins paid Maxwell $15,000 for a full release. Subsequently

to the filing of *Maxwell I*, the Monteys moved the district court to credit the $15,000 payment against the $250,000 judgment against them. The Monteys asserted that such credit was required under Neb. Rev. Stat. § 25-1222.01 (Reissue 1995). The district court concluded that § 25-1222.01 did not provide for the relief requested by the Monteys and overruled the Monteys' motion for credit. The Monteys appeal. We affirm.

## STATEMENT OF FACTS

The facts relevant to the underlying lawsuit in this case are set forth in *Maxwell I*. In *Maxwell I*, we held, inter alia, that the Monteys were not entitled to an allocation of damages between them and Stebbins under Neb. Rev. Stat. § 25-21,185.10 (Reissue 1995) because the plain language of the statute allowed for the allocation of damages between defendants only when there were multiple defendants at the time the case was submitted to the finder of fact. At the time the case was submitted to the jury, Stebbins had been dismissed. This court's decision in *Maxwell I* was issued on July 13, 2001.

On August 27, 2001, the Monteys filed a motion in the district court, seeking credit for the $15,000 paid by or on behalf of Stebbins to Maxwell. A hearing on the Monteys' motion for credit was held December 6. On December 21, Maxwell and the Monteys filed a stipulation of facts for the court to consider in deciding the motion. The stipulated facts were as follows:

1. Jennifer J. Maxwell filed a lawsuit against Kristy J. Montey and Marvin L. Montey as a result of an automobile accident that occurred on June 30, 1993 on "O" Street near its intersection with Piazza Terrace in Lincoln, Lancaster County, Nebraska. Zebadiah Kain Stebbins was later added by the Plaintiff as a party Defendant to the lawsuit[.]

2. The Plaintiff's only claim against Defendant Stebbins was based upon the theory that Stebbins was jointly and severally liable with Defendant Montey because he was engaged in a "speed contest" or "race" at the time of the accident. Both Defendant Stebbins and Defendant Montey denied there was a "race" or "speed contest."

3. Neither Defendant Montey nor Defendant Stebbins filed a cross claim against the other in the lawsuit.

4. At the conclusion of the Plaintiff's case in chief, Defendant Stebbins filed a Motion for Directed Verdict which was sustained on the basis that there was not sufficient evidence as a matter of law for the issue of whether Defendant Stebbins and Defendant Montey were engaged in a "speed contest" or a "race" at the time fo [sic] the accident to go to the jury. Defendants Montey did not oppose this motion, nor object to Stebbins being dismissed from the suit.

5. At the conclusion of the trial, the issues of Montey's liability and the amount of Maxwell's damage as a result of the accident went to the jury.

6. The jury determined that Montey was responsible for the accident and the total amount of damages sustained by Maxwell as a result of the accident was in the amount of $250,000.00.

7. Following the trial, Maxwell filed a Motion for New Trial against Stebbins on the theory that there was sufficient evidence of a "race" or "speed contest" between Stebbins and Montey for the issue to have been presented to the jury. This Motion for New Trial was sustained. The Monteys did not file a motion nor did they join in the Plaintiff's Motion for New Trial against Stebbins.

8. The Monteys also filed a Motion for New Trial against Maxwell, which was heard at the same time, and did not join Stebbins in the motion[.]

9. Maxwell's motion against Stebbins was sustained, and the Monteys['] motion against Maxwell was overruled.

10. The sustaining of the new trial against Stebbins was appealed to the Nebraska Court of Appeals by Stebbins. Defendant Montey did not appeal the Court[']s granting of a new trial against Defendant Stebbins, but did appeal the overruling of their motion against Maxwell.

11. During the pendency of the appeal of the granting of a new trial against Stebbins, a settlement was reached between the Plaintiff Maxwell and Defendant Stebbins that in exchange for the payment to the Plaintiff in the amount of $15,000.00 the Plaintiff waived her right to a new trial

against Defendant Stebbins and agreed not to retry the case against Defendant Stebbins.

12. As part of the settlement between Plaintiff Maxwell and Defendant Stebbins, the Plaintiff agreed to execute and file a Stipulation for Dismissal with Prejudice and allow a corresponding Order to be entered by the Court in the case caption *Jennifer J. Maxwell, Plaintiff, vs. Kristy J. Montey, Marvin L. Montey, Zebadiah Kain Stebbins and Diana Lynn Stebbins, Defendants* found at Docket 547, Page 108. The Monteys did not object to this Stipulation, nor did they object to the Order dismissing Stebbins.

The Monteys argued to the district court that they were entitled to a credit pursuant to § 25-1222.01, which provides:

No advance payments or partial payment of damages made by an insurance company or other person, firm, trust, or corporation as an accommodation to an injured person or on his behalf to others or to the heirs at law or dependents of a deceased person made under any liability insurance policy, or other voluntary payments made because of an injury, death claim, property loss, or potential claim against any insured or other person, firm, trust, or corporation thereunder shall be construed as an admission of liability by the insured or other person, firm, trust, or corporation, or the payer's recognition of such liability, with respect to such injured or deceased person or with respect to any other claim arising from the same accident or event. Any such payments shall constitute a credit and be deductible from any final settlement made or judgment rendered with respect to such injured or deceased person. In the event of a trial involving such a claim, the fact that such payments have been made shall not be admissible in evidence or brought to the attention of the jury, and the matter of any credit to be deducted from a judgment shall be determined by the court in a separate hearing or upon the stipulation of the parties.

On March 20, 2002, the district court issued an order denying the Monteys' motion for credit. The court concluded that § 25-1222.01 did not "provide the post trial relief sought by [the] Montey[s] which is based on the actions of a non-party

(Stebbins) subsequent to the verdict against [the] Montey[s]." The Monteys appeal.

## ASSIGNMENT OF ERROR

The Monteys assert on appeal that the district court erred in concluding that under § 25-1222.01, they were not entitled to a $15,000 credit against the $250,000 jury verdict against them.

## STANDARDS OF REVIEW

■■■ Statutory interpretation presents a question of law. *Eyl v. Ciba-Geigy Corp.*, 264 Neb. 582, 650 N.W.2d 744 (2002). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id.*

## ANALYSIS

The Monteys framed their motion, and the district court decided their motion, solely as a motion for a credit pursuant to § 25-1222.01. Therefore, the only issue before this court on appeal is whether the Monteys were entitled to a credit pursuant to § 25-1222.01.

The Monteys argue that § 25-1222.01 provides that they are entitled to a credit against the $250,000 judgment against them for the $15,000 payment that Stebbins made to Maxwell and that the district court erred in denying their motion for credit. In support of their claim, the Monteys rely on the word "any" found in the portion of § 25-1222.01 which states, "*Any* such payments shall constitute a credit and be deductible from *any* final settlement made or judgment rendered with respect to such injured or deceased person." (Emphasis supplied.) The Monteys argue that the use of the word "any" gives a broad meaning to the statute, such that "any" payment to the injured person, regardless of source, would entitle the unsuccessful defendant to a credit. We reject the Monteys' argument.

■■ In construing a statute, a court must look to the statute's purpose and give the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *Johnson v. Kenney, ante* p. 47, 654 N.W.2d 191 (2002). The Monteys' argument regarding the credit provided for under § 25-1222.01 places emphasis on the word "any" in

the credit sentence noted above. Reading the statute as a whole, however, it is clear that the purpose of the statute is to facilitate advance payments to injured persons while allowing the party making such payments to avoid having evidence of the payment used at trial as an admission of liability and to ensure that such payments constitute a credit to the payor upon "final settlement" or "judgment" involving the payor. In the context of the entire statute, the "any" language cannot be read broadly to provide that a party subject to a final judgment can receive credit for a payment that was not made by or on behalf of such party.

The construction we place on § 25-1222.01 is consistent with the language of the statute and our prior opinions. In considering § 25-1222.01, we note that § 25-1222.01 as it read in 1967 existed in much the same form as it exists today except, for our purposes, that the statute referred only to payments made by an insurance company. The list of payors whose payment is to be credited was expanded in 1975 to include "other person[s], firm[s], trust[s], or corporation[s]." § 25-1222.01. This court has previously considered § 25-1222.01 and stated, inter alia, that under § 25-1222.01, a party is entitled to a credit on any judgment rendered against him or her for payments or partial payment of damages made on behalf of such party to an injured person. See *Beeder v. Fleer*, 211 Neb. 294, 318 N.W.2d 708 (1982). We did not, nor do we now, approve of the proposition advanced by the Monteys that any payment to an injured person, regardless of source, should be credited to the unsuccessful defendant.

In the present case, the Monteys sought a credit for the $15,000 payment made by Stebbins to Maxwell. With reference to this payment, the record indicates that a settlement was reached between Maxwell and Stebbins after trial, during the pendency of the appeal. Pursuant to the settlement, Maxwell waived her right to a new trial against Stebbins and agreed not to retry her case against Stebbins in exchange for Stebbins' payment of $15,000 to Maxwell. Stebbins' payment was not made on behalf of the Monteys. Because the $15,000 payment by Stebbins was not a payment made by or on behalf of the Monteys, it was not the type of payment for which the Monteys could receive a credit pursuant to § 25-1222.01. We therefore reject the Monteys' assignment of error on appeal and conclude

that the district court did not err in overruling the Monteys' motion for a credit pursuant to § 25-1222.01.

## CONCLUSION
We conclude that the district court did not err in determining that § 25-1222.01 does not provide the relief sought by the Monteys in their motion for credit. We therefore affirm the district court's denial of the Monteys' motion for credit pursuant to § 25-1222.01.

AFFIRMED.