DAN FOX, APPELLANT, V. BRADLEY E. NICK,
SPECIAL ADMINISTRATOR OF THE ESTATE
OF EDWARD I. RADIL, APPELLEE.
660 N.W.2d 881
Filed May 16, 2003.   No. S-01-920.

Timothy M. Schulz, of Yost, Schafersman, Lamme, Hillis, Mitchell & Schulz, P.C., L.L.O., for appellant.

Thomas A. Grennan and Thomas E. Morrow, Jr., of Gross & Welch, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Appellant, Dan Fox, filed a petition against Edward I. Radil in the district court for Dodge County 8 days before the expiration of the applicable statute of limitations. However, Fox was unable to serve Radil with summons before Radil's death approximately 2 months later. After Radil's death, Fox served

appellee, Bradley Nick, special administrator of Radil's estate, with notice of the lawsuit against Radil. Nick was served prior to the expiration of the 6-month period for service of process permitted by Neb. Rev. Stat. § 25-217 (Reissue 1995). The district court granted summary judgment against Fox on the ground that Fox failed to commence his action within the applicable statute of limitations. Fox appealed. We moved the case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

### FACTUAL BACKGROUND

On October 23, 1995, Fox and Radil were involved in an automobile accident. On October 15, 1999, 8 days before the expiration of the statute of limitations, Fox filed a petition against Radil in the district court for Dodge County alleging that Radil's negligence had caused the accident and that Fox had suffered injuries as a result.

Fox's attempts to serve Radil with notice of the suit were unsuccessful. A summons sent by certified mail to Radil's last known address was returned unclaimed on November 5, 1999. A November 8 alias summons issued for personal service on Radil was also returned unsatisfied. Radil died on December 18. It is undisputed that Radil was not served with notice of the suit before his death.

On March 29, 2000, Fox filed a "Petition for Appointment of Special Administrator in Formal Proceedings" in the county court for Douglas County. By order issued that same day, the county court appointed Nick as special administrator of Radil's estate in order "to accept service of process in the case of Dan Fox v. Edward I. Radil, District Court of Dodge County, Nebraska." Also on March 29, "Letters of Special Administrator" were issued by the county court "as evidence of such appointment" of Nick as special administrator.

Nick was personally served with summons and petition on April 4, 2000, 11 days before the expiration of the 6-month period for service of process permitted by § 25-217. The summons and petition with which Nick was served, however, named Radil as defendant, rather than Nick in his capacity as special administrator.

On May 4, 2000, Nick filed a special appearance, claiming no suit had been filed against him in his capacity as special administrator. Nick further claimed that he had not been named a party to any pending suit in his capacity as special administrator. For these reasons, Nick asserted the court lacked personal jurisdiction.

On January 5, 2001, Fox filed a "Motion to Amend Petition" in the Dodge County District Court. On February 12, Fox filed an amended petition in the district court, for the first time naming Nick as defendant in his capacity as special administrator of Radil's estate. The record discloses, however, that no order reviving the action in the name of Nick as special administrator has ever been entered by the district court.

On February 23, 2001, Nick filed an answer to Fox's amended petition, in which he preserved his special appearance. On June 28, Nick moved for summary judgment. The district court granted summary judgment, determining Fox's claim was time barred because it was not commenced within the applicable statute of limitations. Fox appeals.

## ASSIGNMENTS OF ERROR

Fox assigns, rephrased, that the district court erred in (1) determining no genuine issue of material fact existed, (2) determining Fox's suit was time barred, (3) failing to determine Nick was served "with the lawsuit" in a timely manner, (4) failing to determine that the relation-back doctrine rendered Fox's suit timely, and (5) failing to determine that the liability insurance exception under Neb. Rev. Stat. § 30-2485(c)(2) (Reissue 1995) allowed Fox to proceed with his lawsuit.

## STANDARD OF REVIEW

■ Statutory interpretation presents a question of law. *Maxwell v. Montey, ante* p. 335, 656 N.W.2d 617 (2003); *Eyl v. Ciba-Geigy Corp.*, 264 Neb. 582, 650 N.W.2d 744 (2002). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Maxwell, supra; Alegent Health v. American Family Ins., ante* p. 312, 656 N.W.2d 906 (2003).

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of

the trial court. *Kovar v. Habrock*, 261 Neb. 337, 622 N.W.2d 688 (2001).

## ANALYSIS

In granting Nick's motion for summary judgment, the district court determined Fox's action had not been commenced within the applicable statute of limitations. The issue, however, is whether the district court had jurisdiction when it ruled on Nick's motion. That issue is dependent upon the question of whether Fox obtained proper service within 6 months of commencing his action. Fox's action was commenced on October 15, 1999, the date he filed his petition. See § 25-217 (amended by 2002 Neb. Laws, L.B. 876, substituting "complaint" for "petition"; operative January 1, 2003); *Becker v. Hobbs*, 256 Neb. 432, 590 N.W.2d 360 (1999); *Licht v. Association Servs., Inc.*, 236 Neb. 616, 463 N.W.2d 566 (1990). See, also, Neb. Rev. Stat. § 25-501 (Reissue 1995). If proper service was not obtained on or before April 15, 2000, 6 months after Fox's action was commenced, Fox's action was dismissed by operation of law and any proceeding conducted by the court subsequent to that date, with the exception of any order formalizing the dismissal, was a nullity. See, § 25-217; *Kovar, supra*; *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000). Therefore, since it is undisputed that Fox failed to serve Radil before Radil died, we turn to the question of whether Fox obtained proper service within 6 months from the date his action was commenced.

In *Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 324, 314 N.W.2d 19, 21-22 (1982), we observed:

> Both at common law and in this jurisdiction prior to 1867, a cause of action for injuries to the person did not survive on the death of either the person injured or the wrongdoer, and a pending action for such an injury abated on the death of either the plaintiff or the defendant. See, 1 C.J.S. *Abatement and Revival* § 144 (1936); *Wilson v. Bumstead*, 12 Neb. 1, 10 N.W. 411 (1881); *Warren v. Englehart*, 13 Neb. 283, 13 N.W. 401 (1882); *Swift v. Sarpy County*, 102 Neb. 378, 167 N.W. 458 (1918); *Gengo v. Mardis*, 103 Neb. 164, 170 N.W. 841 (1919); *Hindmarsh v. Sulpho Saline*

*Bath Co.*, 108 Neb. 168, 187 N.W. 806 (1922); *Egbert v. Wenzl*, 199 Neb. 573, 260 N.W.2d 480 (1977).

It was only by reason of the enactment of the survivorship statutes, Neb. Rev. Stat. §§ 25-1401 and 25-1402 (Reissue 1979), in 1867 . . . that the common-law rule was, in any manner, changed, and *then only to the limited extent provided by statute.*

(Emphasis supplied.) See, also, *Babbitt v. Hronik*, 261 Neb. 513, 623 N.W.2d 700 (2001). Specifically, Neb. Rev. Stat. § 25-1402 (Reissue 1995) provides that "[n]o action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, or for a nuisance, which shall abate by the death of the defendant." Fox's action was "pending" in the Dodge County District Court, even though efforts to serve Radil prior to his death were unsuccessful.

We recognize that in *Willis v. Rose*, 223 Neb. 49, 388 N.W.2d 101 (1986), this court concluded that an action is "pending" for purposes of § 25-1402 if, prior to the defendant's death, both a petition is filed and the defendant is properly served. However, at the time *Willis* was decided, § 25-217 provided in relevant part that an action "shall be deemed commenced" on the date the petition is filed with the court "*if* proper service is obtained within six months of such filing." (Emphasis supplied.) § 25-217 (Reissue 1985).

Since our decision in *Willis*, § 25-217 has been amended. At all times relevant to this case, § 25-217 read: "An action is commenced on the date the petition is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed." See 1986 Neb. Laws, L.B. 529. The amendment to § 25-217 no longer requires that service be "obtained" before an action "shall be deemed commenced." In addition, the plain language of § 25-217 requires such determination, for as to any defendant not served within 6 months of filing, the action stands dismissed without prejudice. Clearly, if an action is not commenced upon filing, there would be no need to dismiss the action as to "any defendant not served within six months." Since Fox's action had commenced prior to the date

of Radil's death, we determine Fox's action was pending in accordance with § 25-1402. See *Kovar v. Habrock*, 261 Neb. 337, 342, 622 N.W.2d 688, 692 (2001) (providing that when action is dismissed by operation of law due to failure to effect proper service within 6 months, "there is no longer an action pending"). Accordingly, pursuant to § 25-1402, Fox's pending action for damages based on the alleged negligence of Radil did not abate as a result of Radil's death. See *Levin v. Muser*, 107 Neb. 230, 185 N.W. 431 (1921).

■ Although the enactment of § 25-1402 changed the common law pertaining to the abatement of pending actions, as we observed in *Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 324, 314 N.W.2d 19, 22 (1982), such changes are "only to the limited extent provided by statute." To that effect, a pending action which survives the defendant's death must be revived in the manner provided by statute. *Workman v. Workman*, 167 Neb. 857, 872, 95 N.W.2d 186, 195 (1959) (stating that "[p]rocedure for revivor is provided by statute upon the death of a litigant in a cause pending in his lifetime if the cause of action did not abate upon his death"); *Murray v. Omaha Transfer Co.*, 95 Neb. 175, 179, 145 N.W. 360, 362 (1914) (stating that "[t]he action not having abated, the statutes make provision for revivor"). See, also, *Vogt v. Daily*, 70 Neb. 812, 813, 98 N.W. 31, 32 (1904) (stating "[m]anifestly, if before judgment a party plaintiff die, the action can no longer proceed in his name, but must be revived in the name of his representative or successor"); *A.J. Armstrong Company v. Hufstedler*, 75 N.M. 408, 410, 405 P.2d 411, 412 (1965) (stating that "[i]t is fundamental that a pending action cannot be prosecuted after the death of a party defendant thereto, so as to affect the decedent's estate, until it is revived against his personal representative or successor in interest").

As observed in 1 C.J.S. *Abatement and Revival* § 155 at 211-12 (1985):

> The substitution of a new party to proceed with the prosecution or defense of a claim is the revivor of an action. The death of a party to a legal proceeding, where the cause of action survives, suspends the action as to decedent until someone is substituted for decedent as a party.

The right to revive or continue a pending action at law after the death of a party is purely statutory; there may be a revival or continuance when and only when the case is within a statute permitting it, and strict compliance with the statutory requirements is shown.

■ If a pending action is not revived in the manner provided by statute, "such pending action has no force and effect" as to any entity in whose name revivor was required. *Smith v. Ralph*, 18 Ohio App. 2d 235, 238, 248 N.E.2d 208, 210 (1969); *A.J. Armstrong Company v. Hufstedler*, 75 N.M. at 410, 405 P.2d 412 (noting that "[s]ince the revival of actions at law is purely statutory, they may be revived only as prescribed by [a New Mexico statute]" nearly identical to Neb. Rev. Stat. § 25-1411 (Reissue 1995)). See, also, Neb. Rev. Stat. § 30-2404 (Reissue 1995) ("no proceeding to enforce a claim against the estate of a decedent . . . may be revived . . . before the appointment of a personal representative").

Nebraska's statutory procedure for revivor is provided by Neb. Rev. Stat. §§ 25-1403 to 25-1420 (Reissue 1995) and Neb. Rev. Stat. § 25-322 (Reissue 1995). Specifically, § 25-1411 provides:

Upon the death of a defendant in an action, wherein the right, or any part thereof, survives against his personal representative, the revivor shall be against him; and it may also be against the heirs or devisees of the defendant, or both, when the right of action, or any part thereof, survives against them.

Although the record shows that Nick was appointed "special administrator" by the county court for Douglas County on March 29, 2000, the record is devoid of any evidence showing that after such appointment, the pending action was revived in the name of Nick as special administrator. See Neb. Rev. Stat. § 30-2209(33) and (43) (Cum. Supp. 2002) ("[p]ersonal representative includes . . . special administrator" and "[s]pecial administrator means a personal representative as described in sections 30-2457 to 30-2461").

There is no motion "suggesting" the death of Radil per § 25-1407, no conditional order of revivor per § 25-1406, and nothing to suggest any revivor based upon the consent of the parties per § 25-1408. Finally, although we have construed § 25-322

to permit revivor if, with leave of the court, " 'supplemental pleadings [are] filed and summons served as in the commencement of an action,' " *Hayden v. Huff*, 62 Neb. 375, 379, 87 N.W. 184, 186 (1901), Fox did not file an amended petition naming Nick as defendant in his capacity as special administrator until February 12, 2001. This was nearly 10 months after April 15, 2000, the date upon which the 6-month deadline for service of process under § 25-217 expired.

After Radil's death, it became necessary to revive the pending action against Radil's "personal representative" and obtain service on that individual. Although Nick was appointed "special administrator" by the Douglas County Court on March 29, 2000, both the summons and petition served upon Nick on April 4 identified Radil as defendant in the pending action. In essence, Nick was served with summons in a pending lawsuit that had not been revived to include him as a named defendant. Such service was a nullity.

The record shows that no service was obtained upon any proper party defendant within 6 months from the date the action was filed. As such, the action stood dismissed without prejudice as a matter of law on April 15, 2000. See, § 25-217; *Kovar v. Habrock*, 261 Neb. 337, 622 N.W.2d 688 (2001); *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000). As a result, any action taken by the district court subsequent to April 15 and any pleading filed thereafter was a nullity, as the district court lacked jurisdiction. *Id.*

Given our determination that this action was dismissed without prejudice on April 15, 2000, we need not address Fox's remaining assignments of error.

## CONCLUSION

We remand the cause to the district court with directions to vacate the order of summary judgment in favor of Nick and to enter an order that Fox's petition stands dismissed pursuant to § 25-217.

REMANDED WITH DIRECTIONS.