Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/25/2017 09:16 PM CDT

Janice M. Anderson, Personal Representative of the
Estate of Steven B. Anderson, deceased, appellee,
v. Steve Finkle, appellant.

___ N.W.2d ___

Filed June 2, 2017.    Nos. S-16-222, S-16-307.

1. **Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decision made by the lower court.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.

3. **Actions: Abatement, Survival, and Revival.** A pending action must be revived in the manner provided by statute; a failure to do so means that the pending action has no force and effect with respect to any entity in whose name revivor was required.

4. **Actions: Parties: Death: Abatement, Survival, and Revival.** The death of a party to a legal proceeding, where the cause of action survives, suspends the action as to the decedent until someone is substituted for the decedent as a party.

5. **Judgments: Jurisdiction.** When a court lacks jurisdiction and nonetheless enters an order, such order is void.

6. **Judgments: Final Orders: Jurisdiction: Appeal and Error.** A void order is a nullity which cannot constitute a judgment or final order that confers appellate jurisdiction on a court.

7. **Appeal and Error.** The notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by the appellate court.

8. **Abatement, Survival, and Revival: Final Orders.** An order reviving an action is not a final order.

9. **Jurisdiction: Final Orders: Appeal and Error.** An appellate court is without jurisdiction to entertain appeals from nonfinal orders.

Appeals from the District Court for Douglas County: Shelly R. Stratman, Judge. Appeals dismissed.

Benjamin M. Belmont and Wm. Oliver Jenkins, of Brodkey, Peebles, Belmont & Line, L.L.P., for appellant.

John A. Kinney and Jill M. Mason, of Kinney Mason, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

This case involves two separate cases that were fully briefed and consolidated for oral argument.

Steven B. Anderson filed a complaint alleging breach of contract and quantum meruit or unjust enrichment after Steve Finkle failed to perform on a promissory note. Following trial, but prior to the court issuing its order, Anderson died. The district court subsequently issued an order awarding Anderson the amount of the promissory note, plus interest.

The court overruled Finkle's motion for new trial and granted Anderson's estate's motion for revivor to revive the matter. Finkle appeals. We dismiss the appeals in both cases Nos. S-16-222 and S-16-307.

## BACKGROUND

### Factual Background

Finkle and several other individuals formed a limited liability corporation, Summer Productions, LLC., to open and operate "Pauli's in the Outfield," a beer garden, which would be open during the College World Series in June 2013. To open the beer garden, Summer Productions needed $100,000 in capital.

In May 2013, Finkle signed a promissory note for $50,000, plus interest assessed at the rate of 5 percent per annum, payable to Anderson, due on or before August 1, 2013. Finkle claims that Anderson rejected the first promissory note and that Anderson received a new promissory note reflecting the terms of the agreement, but that the new note was not signed by Finkle. In any event, Anderson transferred the funds, $20,000 in a cashier's check and $30,300 in cash, to Summer Productions.

On June 12, 2013, the beer garden opened for business for the first weekend of the College World Series. The venture failed after 3½ days, and Summer Productions filed for bankruptcy. Finkle failed to perform on the promissory note.

Procedural History

On November 21, 2013, Anderson filed a complaint, alleging breach of contract and quantum meruit or unjust enrichment.

The district court held a trial on August 25, 2015. Anderson died on October 2. On October 30, Janice M. Anderson was appointed in probate court to serve as Anderson's personal representative. On November 30, the court ordered Finkle to pay Anderson the amount of $50,000, plus interest and costs of the action. The record suggests that the trial court did not know of Anderson's death before entering the November 30 order. Further, at oral argument, Finkle's attorney confirmed that there was no suggestion of death filed with the trial court prior to the issuance of the November 30 order.

On December 4, 2015, Finkle filed a motion for new trial or to alter or amend the trial court's order entered on November 30. On January 25, 2016, the estate filed a motion for revivor. On January 29, the district court overruled Finkle's motion for new trial, and on February 25, Finkle filed a notice of appeal from the denial of his motion for new trial. On March 1, the court filed an order reviving the matter in the name of the personal representative of the estate. On March 22, Finkle filed a notice of appeal from the order of revivor.

## ASSIGNMENTS OF ERROR

In case No. S-16-307, Finkle assigns that the district court lacked jurisdiction to enter the November 30, 2015, judgment and its January 29, 2016, order denying Finkle's motion for new trial, which both occurred after the death of Anderson and prior to entering an order of revivor. Thus, Finkle argues, the judgment and orders entered by the trial court are null and void.

In case No. S-16-222, in addition to the errors listed above, Finkle assigns, restated and consolidated, that the district court erred in finding the promissory note was valid and enforceable because (1) the court misapplied the parol evidence rule to bar consideration of evidence outside the written terms of the promissory note, (2) the court failed to discredit, as a matter of law, the testimonial evidence of Anderson at trial after he changed his prior testimony on vital disputed issues including whether the promissory note formed an enforceable agreement, (3) the agreement lacked consideration, and (4) Finkle was intended to be personally liable under the promissory note.

## STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decision made by the lower court.[1]

[2] Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.[2]

---

[1] *Platte Valley Nat. Bank v. Lasen*, 273 Neb. 602, 732 N.W.2d 347 (2007).

[2] *Fox v. Nick*, 265 Neb. 986, 660 N.W.2d 881 (2003). See *In re Conservatorship of Franke*, 292 Neb. 912, 875 N.W.2d 408 (2016).

## ANALYSIS

### Jurisdiction

Neb. Rev. Stat. § 25-1405 (Reissue 2016) provides that "[w]here one of the parties to an action dies, or his powers as a personal representative cease, before the judgment, if the right of action survives in favor of or against his representatives or successor, the action may be revived, and proceed in their names." And Neb. Rev. Stat. § 25-1406 (Reissue 2016) states:

> The revivor shall be, by a conditional order of the court if made in term, or by a judge thereof if made in vacation, that the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased; and proceed in favor of or against them.

Neb. Rev. Stat. § 25-1407 (Reissue 2016) further provides:

> The order may be made on the motion of the adverse party, or of the representatives or successor of the party who died, or whose powers ceased, suggesting his death or the cessation of his powers, which, with the names and capacities of his representatives or successor, shall be stated in the order.

Neb. Rev. Stat. § 25-322 (Reissue 2016) also provides:

> An action does not abate by the death or other disability of a party, or by the transfer of any interest therein during its pendency, if the cause of action survives or continues. In the case of the death or other disability of a party, the court may allow the action to continue by or against his or her representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party or the court may allow the person to whom the transfer is made to be substituted in the action.

[3,4] A pending action must be revived in the manner provided by statute; a failure to do so means that the pending action has no force and effect with respect to any entity in whose

name revivor was required.[3] "'The death of a party to a legal proceeding, where the cause of action survives, suspends the action as to decedent until someone is substituted for decedent as a party.'"[4]

In this case, trial was held on August 25, 2015. Anderson, the sole plaintiff in this case, died on October 2. On October 30, the personal representative was appointed in probate court.

On November 30, 2015, the court entered judgment on the merits of the case. On January 29, 2016, the district court ruled on various posttrial motions, and on February 25, Finkle filed an otherwise timely notice of appeal from this judgment. Prior to the filing of that appeal, however, on January 25, the estate had filed a motion for revivor, and on March 1, the trial court revived the action in the name of the personal representative. On March 22, Finkle perfected a second appeal from the order of revivor and all underlying orders and judgments, including the trial order entered on November 30, 2015.

As of the time of Anderson's death, the only action the district court had jurisdiction to take was to revive the action in the name of the personal representative in response to a properly filed motion for revivor.[5] As such, the district court lacked jurisdiction to enter judgment for Anderson and lacked jurisdiction to deny Finkle's motion for new trial. Because the pending action was not revived, the court's issuance of these orders following Anderson's death had "no force and effect" as to Anderson.[6]

[5-7] When a court lacks jurisdiction and nonetheless enters an order, such order is void.[7] Furthermore, "[a] void order is a

---

[3] See *Fox v. Nick, supra* note 2.

[4] *Id.* at 991, 660 N.W.2d at 886, quoting 1 C.J.S. *Abatement and Revival* § 155 (1985).

[5] See, *In re Conservatorship of Franke, supra* note 2; *Fox v. Nick, supra* note 2; *Street v. Smith*, 75 Neb. 434, 106 N.W. 472 (1906).

[6] See *Fox v. Nick, supra* note 2, 265 Neb. at 992, 660 N.W.2d at 886 (2003).

[7] See *State v. Bracey*, 261 Neb. 14, 621 N.W.2d 106 (2001).

nullity which cannot constitute a judgment or final order that confers appellate jurisdiction on [a] court."[8] We have held that "the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by the appellate court."[9]

As discussed above, because of Anderson's death, the district court lacked jurisdiction to enter judgment and deny Finkle's motion for new trial. Thus, these orders were void. Finkle's purported appeal from such orders did not confer appellate jurisdiction upon this court. Therefore, Finkle's first appeal, filed on February 25, 2016, did not divest the district court of its jurisdiction.

ORDER OF REVIVOR

The one action the district court was permitted to take was to revive the proceedings in the name of Anderson's personal representative. The district court did so on March 1, 2016. Therefore, the order of revivor issued by the district court on March 1 effectively revived the matter in the name of the estate.

Hence, we turn to Finkle's second notice of appeal, filed on March 22, 2016, in which Finkle appealed the order of revivor and all underlying orders and judgments. The motion for revivor was made pursuant to § 25-1406. The district court granted the order of revivor "pursuant to Neb. Rev. Stat[.] § 25-322 (and not Neb. Rev. Stat[.] § 25-1410)."

[8,9] Although the order for revivor was made pursuant to § 25-322, this makes no difference in our analysis. We have held that "an order reviving an action, whether the order was entered in proceedings under § 25-322 or under [Neb. Rev. Stat.] §§ 25-1403 to 25-1420 [(Reissue 2016)], is not a final

---

8 *In re Interest of Trey H.*, 281 Neb. 760, 767, 798 N.W.2d 607, 613 (2011).

9 *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 729, 592 N.W.2d 894, 906 (1999).

order from which an appeal may immediately be taken. The order may be reviewed after final judgment in the case."[10] We have therefore held that an order reviving an action is not a final order. An appellate court is without jurisdiction to entertain appeals from nonfinal orders.[11] As such, we must dismiss Finkle's second notice of appeal for lack of a final, appealable order.

In short, the district court's judgment order and order denying the motion for new trial or to alter or amend the trial court's order following Anderson's death on October 2, 2015, appealed as case No. S-16-222, is void and is accordingly dismissed. Because the district court was never divested of its jurisdiction, the order of revivor remains in effect. However, we are without jurisdiction to entertain Finkle's appeal of this order of revivor, appealed as case No. S-16-307, because it was not a final order. Therefore, case No. S-16-307 must also be dismissed.

## CONCLUSION

Because the case in the district court was suspended upon the death of Anderson, the judgment order and order denying the motion for new trial or to alter or amend the trial order that the district court issued subsequent to Anderson's death, which were appealed and docketed at case No. S-16-222, is dismissed. The appeal docketed at case No. S-16-307 is also dismissed for lack of a final order.

APPEALS DISMISSED.

---

[10] *Platte Valley Nat. Bank v. Lasen, supra* note 1, 273 Neb. at 611, 732 N.W.2d at 354.

[11] See *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006).